FILED
United States Court of Appeals
Tenth Circuit

August 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN AYALA-GONZALEZ,

Defendant–Appellant.

No. 09-4210
(D.C. Nos. 1:08-CV-00146-DS and
1:06-CR-00118-DS-3)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Juan Ayala-Gonzalez ("Ayala") requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition. Exercising jurisdiction under §§ 1291 and 2253, we deny a COA and dismiss the appeal.

In 2007, Ayala pled guilty to one count of possession with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to 135 months' imprisonment, followed by five years of supervised release. In December 2008, Ayala filed a § 2255 petition claiming his counsel was ineffective for failing to challenge the

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial court's jurisdiction to impose a sentence based on drug quantities higher than those amounts charged in Ayala's indictment.

The district court denied Ayala's petition on two grounds. First, it noted that the indictment charged Ayala "with distribut[ing] 500 grams or more of a . . . substance containing a detectable amount of methamphetamine" (emphasis added). This language permitted the trial court to sentence Ayala based on drug quantities exceeding 500 grams of methamphetamine. Second, the district court determined that "handwritten changes to the Statement in Advance of Plea"—changes that were initialed by Ayala and his attorney—clearly indicated that Ayala "knew that he was pleading guilty to possession and distribution of 1,771 grams of methamphetamine." On appeal, Ayala argues that the district court's reliance on the Statement in Advance of Plea was improper because he cannot read or understand English and there was no evidence that the statement had been translated by an interpreter.

Because he did not obtain a COA from the district court, Ayala may not appeal the denial of his habeas petition absent a grant of a COA by this court. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Ayala to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Even if Ayala's contentions concerning the Statement in Advance of Plea are true, the district court properly dismissed his petition. The indictment charged Ayala "with distribut[ing] 500 grams <u>or more</u> of a . . . substance containing a detectable amount of methamphetamine" (emphasis added), thus properly stating the drug quantity for which he was sentenced. Moreover, even if the indictment had been defective, the district court would have nonetheless possessed jurisdiction to adjudicate his case. <u>See</u> <u>United States v. Cotton</u>, 535 U.S. 625, 630-31 (2002). Because Ayala's argument regarding the indictment was without merit, his counsel could not have been ineffective for failing to raise it. <u>See</u> <u>United States v. Orange</u>, 447 F.3d 792, 797 (10th Cir. 2006).

Accordingly, we **DENY** Ayala's request for a COA and **DISMISS** this appeal. We **GRANT** Ayala's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge